## BARNETT v. GAINES AND TOWNSEND.

1. A purchaser of land, who with knowledge of an existing incumbrance proceeds to execute the contract in part, as by taking possession, he will be required to execute it in full, and *a fortiori* will not be allowed to rescind it.
2. A right of dower is an incumbrance.

Appeal from the Chancery Court at Talladega, upon the dissolution of an injunction.

THE bill was filed by the plaintiff in error, and alledges that he purchased from the defendant, Gaines, a tract of land, described in the bill, and that by agreement in writing, Gaines bound himself to make to him, "good and legal title thereto, in fee simple, when the purchase money was paid." That he has paid all the purchase money, and has been let into the possession of the land. That he has tendered a deed and demanded title, but that Gaines refuses, and is unable to make a good title, as his wife refuses to relinquish her dower. That Gaines is wholly insolvent, and that the present value of the land, with the rents and profits, aside from the dower interest, are not equal in value, to the purchase money paid and interest.

The bill further charges, that Gaines has obtained a judgment against him for $210, to which he prays an injunction, that the land be sold and applied to the repayment of the purchase money, and that the judgment be held as a fund to meet any deficiency arising from the sale.

Gaines, in his answer, insists, that complainant knew when he purchased, that his wife would not relinquish her dower, and that he had transferred the judgment to one John H. Townsend, in consideration of a debt due him.

The bill was amended, so as to make Townsend a party, who by his answer, insists, that he is a *bona fide* purchaser of the judgment without notice of complainant's equity, if any exists.

The Chancellor dissolved the injunction, from which com-

plainant appealed to this Court—and which he now assigns as error.

Rice, for the plaintiff in error.
L. E. Parsons, contra.

ORMOND, J.—There is not a particle of equity in this bill. It is certainly true, that a dower interest in lands, is an incumbrance, which in a proper case, would afford a sufficient excuse to the vendee, for refusing to perform the contract on his part, if it were still executory. But this contract has been fully executed, on the part of the vendee, who has paid the purchase money, and been let into the possession of the premises, and who in addition, if that were important, must have known at the time, that the incumbrance existed. It is the established rule in Chancery, that if a purchaser with knowledge of an existing incumbrance, proceeds to execute the contract in part, as by the taking possession of the land, he will be required to execute in full; and *a fortiori* will not be allowed to rescind it, after an execution on his part. Colton v. Wilson, 3 P. Will. 191 ; and see also Beck v. Simmons and Kornegay, 7 Ala. Rep. 71, where this question was fully considered.

If this were a proper case for equitable interference, there would be no pretence whatever for the injunction prayed for, as the equity of Townsend, a *bona fide* purchaser of the judgment, without notice of the plaintiff's demand or equity, if any existed, is superior to his, and there is no connection whatever, between the judgment thus sought to be arrested, and the claim of the plaintiff, so as to affect Townsend with constructive notice. In every view which can be taken of the case, the bill is utterly destitute of equity, and the decree of the Chancellor dissolving the injunction must be affirmed.