Mary White *vs.* The Boston and Providence Railroad
Corporation.

A duly attested copy of the report and estimate of county commissioners, on an
application for damages occasioned by taking the petitioner's land for a railroad,

estimating the petitioner's damages, and also directing the respondents to make and maintain a way therein described for the benefit of the petitioner, is admissible in evidence for the respondents, on a hearing before a sheriff's jury, to estimate the petitioner's damages.

Where county commissioners, on an application for damages occasioned by the construction of a railroad, direct the respondents to make and maintain a way for the benefit of the petitioner, as required by *St.* 1841, *c.* 125, § 1, with which order the respondents neglect to comply; such neglect is no ground for an allowance of damages, on a hearing before a sheriff's jury, but the petitioner's remedy therefor is under the second section of the same statute.

This was a proceeding before a sheriff's jury, to estimate the petitioner's damages, occasioned by the construction of the respondents' railroad. The petitioner objected to the acceptance of the verdict and award in the court of common pleas, and moved that the same be set aside and a new trial granted, on the following grounds, which were the subject of exceptions at the hearing, and duly certified by the sheriff: —

1st. Because the sheriff allowed a copy of the estimate and report, made in the case by the county commissioners, and attested by their clerk, to be read in evidence by the respondents to the jury, and to be taken by them with the other papers in the case, when they retired to consider of their verdict.

2d. Because the sheriff ruled, at the hearing, that the respondents were bound to make a certain way required by the commissioners in their order, for the reasonable accommodation of the petitioner; that, if they neglected to do so, the petitioner had her remedy under the statute of 1841, *c.* 125, § 2, and therefore that the jury should not take the non-compliance with this order into account in estimating the petitioner's damages.

In regard to this last ground of objection, it appeared, that the respondents' road divided the petitioner's land into two parts by a deep cutting, which rendered the land on one side very difficult of access; that the commissioners, for the reasonable accommodation of the petitioner, in the access to and use of her remaining land adjoining the part taken by the respondents, directed the latter to make and forever maintain a cart and carriage way, of the dimensions and in the manner and within the time specified in the order, for the use of the petitioner, her heirs and assigns; that no such cart and carriage

way, nor any of any kind, for the accommodation of the peti-tioner, had been constructed by the respondents, though the time allowed therefor had elapsed; and that the petitioner had no access to her land on one side of the respondents' road, but by crossing the same over a gutter, and up a steep bank very difficult of ascent.

The court of common pleas overruled the petitioner's objec-tions and accepted the verdict, whereupon the petitioner appealed to this court.

*J. J. Clarke,* for the petitioner.

*E. Wilkinson* and *F. Hilliard,* for the respondents.

FLETCHER, J. The evidence was properly admitted. The order of the commissioners for specified things to be done was not vacated, and was properly submitted to the jury. If the objection had been only to the estimate of damages, that would have presented a different case. The rulings at the trial, as to the obligation of the railroad corporation to make such a way as was required by the commissioners, and as to the assessment of damages by the jury, were correct.

*Verdict accepted and judgment for petitioner, and costs in this court for respondents.*