## BARLOW v. McKINLEY.

Conveyance: COVENANT AGAINST INCUMBRANCES: RIGHT OF WAY: KNOWLEDGE BY GRANTEE. A right of way for a railroad is an incumbrance for which a grantee may recover under a covenant against incumbrances, though he had full knowledge of such incumbrance at the time he accepted the deed. The case of *Van Wagner* v. *Van Nostrand* (19 Iowa, 422) followed.

*Appeal from Iowa District Court.*

TUESDAY, JANUARY 28.

ACTION upon the covenant against incumbrances contained in a deed conveying eighty acres of land. Breach,

that the M. & M. Railroad company held a right of way conveyed to it by the defendant prior to the covenant sued on. Defense, that plaintiff knew of the existence of the right of way, and that it was in law no incumbrance. The cause was tried to the court, and judgment rendered for plaintiff for forty dollars. The defendant appeals.

*C. Hedges* and *J. H. Murphy & Bro.* for the appellant.

*H. M. Martin* for the appellee.

COLE, J. — But two questions are presented by the transcript :

1. Is the right of way for a railroad an incumbrance? An incumbrance is defined to be a right in a third person in the land in question, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance. Bouv. Law Dic. A public highway is held to be an incumbrance in all the New England States. Rawle on Cov. for Title, pages 115 to 120, and authorities cited in the notes. As to the right of way for a railroad being an incumbrance, see opinion of REDFIELD, J., in *Butler* v. *Gale* (1 Williams [Vt.] 742), and see same case as to remedy for covenantor when such incumbrance was considered and allowed for in the sale, etc. Whether a public highway is an incumbrance in this State we need not now decide; but upon both principle and authority we hold, that a right of way for a railroad is an incumbrance.

2. Can a party recover upon a covenant against incumbrances, when he had full knowledge of the existence of the incumbrance at the time he accepted the covenant? This point was decided in the affirmative by this court in *Van Wagner* v. *Van Nostrand* (19 Iowa, 422), following

the weight of authority. See the cases there cited. With that decision we are still content.

Affirmed.