## SAMUEL BIGELOW *vs.* DAN HUBBARD.

The right of a wife under the Gen. Sts. c. 90, § 11, to elect after her husband's death to waive a jointure or pecuniary provision made after their marriage in lieu of dower, and to be endowed of his lands, is such an existing incumbrance upon land acquired and conveyed by him after such jointure or pecuniary provision and during her life, as will support an action by a subsequent grantee of such land upon his grantor's covenant against incumbrances.

CONTRACT on the covenant against incumbrances in a warranty deed of real estate in Springfield from the defendant to the plaintiff. The alleged incumbrance was a right of dower in Rhoda C. Hubbard, wife of Asahel Hubbard.

At the trial in the superior court, before *Putnam*, J., the defendant's deed of the premises to the plaintiff was put in evidence, dated March 31, 1864, and containing a covenant against all incumbrances, in the usual form ; and it appeared that the defendant, being seised of the premises, on October 22, 1859, conveyed them by quitclaim deed to Asahel Hubbard, who, on April 1, 1864, released all his right, title and interest in them to the plaintiff; and that in extinguishment of all right of dower of Rhoda C. Hubbard, Asahel's wife, in the premises, the plaintiff had since then paid her five hundred dollars.

The defendant offered in evidence an agreement of separation entered into in 1854 between Asahel and Rhoda C., to which Henry Morris, as her trustee, was also a party, and by which the parties agreed to submit to three arbitrators to award a sum of money to be paid by Asahel to Rhoda C. for her support during her life, and to be in full for all her claims upon him for support during his life, and " all her claims upon his estate after his death," and agreed also to execute any further papers which might be necessary to secure the performance of the award; and he offered also evidence that Asahel then executed a deed of real estate to Joseph Weatherhead as security that he would abide by the award when made and give security to the satisfaction of the arbitrators for his performance of it; that they made an award that he should pay her four hundred dollars yearly during

her life ; and that, as security for his performance of it, he there-upon executed a mortgage to R. A. Chapman of certain rea, estate, the condition of the deed being that he should pay that sum in equal semi-annual instalments during her life to Morris as her trustee. And the defendant offered further to prove that Asahel and Rhoda C. had ever since lived apart, and that Asahel had always fully complied with the requirements of the award ; and he asked the judge to rule that by reason of the submission and award and the security furnished by Asahel for faithful performance of the award, the right of dower, if any, which Rhoda C. had in the premises was of no value, and that the plaintiff could recover only nominal damages.

But the judge excluded the evidence, and ruled that the sub-mission and award could not avail the defendant in this action or affect the measure of damages therein ; whereupon it was agreed by the parties that if this ruling was correct, the amount paid by the plaintiff in extinguishment of Rhoda C.'s right of dower in the premises was reasonable and proper.

A verdict was returned for the plaintiff ; and the defendant alleged exceptions.

*N. A. Leonard & G. Wells,* for the defendant. The agree-ment between Asahel and Rhoda C. and her trustee, the award made in pursuance of it, and the deeds given by Asahel to Weatherhead and Chapman, should be regarded as one entire transaction, and as a jointure, or provision settled upon Mrs. Hubbard, in lieu of dower, and accepted by her trustee as such. This contract and settlement was not unlike that in the case of *Albee* v. *Wyman,* 10 Gray, 222. See also *Wilson* v. *Wilson,* 14 Sim. 416 ; 1 H. L. Cas. 538 ; *Jones* v. *Wait,* 5 Bing. N. C. 341 ; *Elworthy* v. *Bird,* 2 Sim. & Stu. 372 ; *Slatter* v. *Slatter,* 1 Y. & Col. Exch. 28 ; *Barron* v. *Barron,* 24 Verm. 357 ; *Hutton* v. *Duey,* 3 Barr, 100. If this class of contracts has not been recognized in this Commonwealth, they at least have not been declared invalid. *Albee* v. *Wyman, ubi supra. Hollenbeck* v. *Pixley,* 3 Gray, 521. If this settlement was valid, the evidence offered should have been admitted, and the ruling asked for should have been given. Regarding the whole transaction as a jointure, or

pecuniary provision in lieu of dower, made under Gen. Sts. *c.* 90, § 11, reënacted from Rev. Sts. *c.* 60, § 10, it is valid, taking effect *in presenti*, and not to be avoided until after the death of the husband, and then only at the special election of the wife. The remote possibility, existing in the lifetime of the wife, that she will avoid her jointure, is not an existing incumbrance of the estate conveyed to the plaintiff, for otherwise the statute would be nugatory, or might be made an instrument of fraud. The possibility of dower in this estate, which would, under the statute, result from the refusal of the widow to accept of the provision made for her, differs from the ordinary inchoate right of dower, because the inchoate right matures by the act of God, by the survivorship of the wife, and without any action or election on her part. *Fuller* v. *Wright*, 18 Pick. 403.

*W. S. Shurtleff,* for the plaintiff, cited *Albee* v. *Wyman*, 10 Gray, 222; *Ames* v. *Chew*, 5 Met. 320; *Vernon's case*, 4 Co. 1; 1 Washb. Real Prop. 203, 268; *McCartee* v. *Teller*, 2 Paige, 556; *Carson* v. *Murray*, 3 Ib. 483; *Rowe* v. *Hamilton*, 3 Greenl. 63; *Martin* v. *Martin*, 22 Alab. 104; *Townsend* v. *Townsend*, 2 Sandf. 711; *Croade* v. *Ingraham*, 13 Pick. 33; *Hastings* v. *Dickinson*, 7 Mass. 153; *Gibson* v. *Gibson*, 15 Mass. 106; *Vance* v. *Vance*, 21 Maine, 364; *Crain* v. *Carson*, 36 N. Y. 410; *Shearer* v. *Ranger*, 22 Pick. 448; *Prescott* v. *Trueman*, 4 Mass. 630; *Sturtevant* v. *Phelps*, 16 Gray, .

GRAY, J. The statute of uses, modifying the common law of England, allowed dower to be barred by a jointure, made before marriage, of a freehold estate, for the wife's life at least, to take effect immediately upon the husband's death; but provided that no jointure made during coverture, except by act of parliament, should prevent her from electing upon the death of her husband to claim her dower; and did not permit dower to be barred by a collateral satisfaction, consisting of money or other chattel interests. St. 27 Hen. VIII. *c.* 10, §§ 6, 9. Britton, (ed. 1865,) vol. I., pp. xli., xlii. & notes; vol. II., pp. 237 note, 240. Bac. Ab. Jointure. 4 Kent Com. (6th ed.) 54 *et seq.* These provisions of the statute of uses were part of our common law. *Hastings* v. *Dickinson*, 7 Mass. 153. They have

---

---

been in substance and principle preserved in the existing **enact-ments**, which were first introduced in the revision of 1836, and which, while they allow a pecuniary provision to take the place of a jointure, affirm the right of the wife, if any such jointure or provision in lieu of dower is made before marriage without her consent, or after marriage, (while she is incapable of con-senting,) to elect, upon her husband's death, to waive it, and be endowed of his lands. Rev. Sts. *c.* 60, §§ 8–10, and commis-sioners' notes. Gen. Sts. *c.* 90, §§ 9–11.

It follows that the submission and award and the subsequent transactions, of which evidence was offered at the trial, did not deprive Mrs. Hubbard of the right to claim her dower after her husband's death. That right was an existing incumbrance, which was a breach of the covenant against incumbrances in the defendant's deed. *Shearer* v. *Ranger*, 22 Pick. 447. The defence relied on cannot therefore prevail, and as no question is made of the amount of damages, the judgment must be

*Exceptions overruled.*