MICHAEL FLYNN vs. PETER A. BOURNEUF & another.

Essex. Nov. 3, 1886. — Jan. 7, 1887. DEVENS, W. ALLEN, & GARDNER, JJ., absent.

In an action to recover damages for breach of a covenant against incumbrances contained in a deed of land, oral evidence is inadmissible to prove that, a few days before the execution of the deed, the parties agreed that, in consideration that the defendant would execute the deed to the plaintiff for a certain sum, the plaintiff would assume a liability to an assessment upon the land for betterments.

HOLMES, J. This is an action on a covenant against incumbrances. At the time of the execution of the deed, the land conveyed was liable to an assessment for betterments, which was afterwards made and which has been paid by the plaintiff. It is not disputed that the liability was an incumbrance, or that there would have been a breach of the covenant on general principles. *Carr* v. *Dooley*, 119 Mass. 294. But the defence relied on is, " that, a few days before said deed to the plaintiff was executed and delivered, the plaintiff and the defendants made an independent, distinct, and oral agreement, that in consideration that the defendants would execute and deliver the deed in question to the plaintiff for the sum of twenty-two hundred dollars, and would execute and deliver to the brother a deed of the adjoining premises for the sum of twenty-three hundred dollars, the plaintiff would assume and pay all assessments which should be made in accordance with said liability on the lands conveyed by said deeds," and that the deeds were made as agreed.

We interpret the statement which we have quoted to mean that the consideration moving from the defendants was a promise to execute the deeds, not the execution of them. For if it was the latter, then the agreement did not become a contract until the consideration was furnished, and if the deed to the brother was executed after the deed to the plaintiff, which for all that appears may have been the case, then the oral contract was subsequent to the covenant in suit, and the question of its effect, on that state of facts, would be a different one from that which was argued, or which we understand to have been ruled upon.

Assuming that the oral contract was made before the covenant in suit, the purpose for which it is offered is to show that, at the very moment when the specialty purporting to extend to all incumbrances was executed and accepted as determining the extent of the defendants' obligations under the contract expressed by it, the parties expressed by their conduct *in pais* that the deed should have a less operation. We think that this is plainly a contradiction of the covenant, if, leaving technical difficulties on one side, the oral contract be relied on as a contemporaneous release or satisfaction of an obligation admitted to be within the language of the deed. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. And we think that the contradiction is only a little more disguised, if such a contract be allowed to take the incumbrance out of the language of the deed by giving a special and unusual meaning to a covenant in daily use, the interpretation of which is as well settled as that of any words in the language. The suggestion of Mr. Justice Wilde to the contrary in *Preble* v. *Baldwin*, 6 Cush. 549, 553, is declared by him not to be necessary to or embraced in the decision, and is outweighed by *Howe* v. *Walker*, 4 Gray, 318; *Spurr* v. *Andrew*, 6 Allen, 420; *Harlow* v. *Thomas*, 15 Pick. 66; and *Townsend* v. *Weld*, 8 Mass. 146. Of course we are not speaking of a case which would warrant a reformation of the deed in equity, and where the facts are pleaded by way of equitable defence.

It is enough to say of *Carr* v. *Dooley*, *ubi supra*, and *McCormick* v. *Cheevers*, 124 Mass. 262, that they evidently were not intended to overrule the decision in *Howe* v. *Walker*, *ubi supra*, that a covenant against incumbrances would exclude proof of a contemporaneous oral undertaking of a larger scope, upon the same consideration. Moreover all three cases deal with attempts to add a further obligation to those assumed by the covenant, not with an attempt to cut the latter down. *Spurr* v. *Andrew* and *Harlow* v. *Thomas*, *ubi supra*, remain unshaken.

*Exceptions sustained.*

*W. H. Moody*, for the plaintiff.

*B. B. Jones*, for the defendants, cited *Brackett* v. *Evans*, 1 Cush. 79; *Preble* v. *Baldwin*, 6 Cush. 549; *Carr* v. *Dooley*, 119 Mass. 294; *McCormick* v. *Cheevers*, 124 Mass. 262.