E. O. FLOOD, *Plaintiff in Error,* v. JOHN A. GRAHAM, *Defendant in Error.*

A covenant in a deed, "that the said premises are free and discharged from all taxes, tax titles or certificates, judgments, mechanics' liens and encumbrances of any kind whatsoever," is sufficiently broad to warrant and support an action at law, wherein the declaration alleges that, at the time of the delivery of such deed, the lands therein described and thereby conveyed were not free and discharged from all liens and encumbrances of any kind whatsoever, but the same were subject to a right in a certain named company "to enter upon said lands and enjoy the benefit of the oil and asphalt rights therein for a period of ten years" from a certain specified date, and it is error to sustain a demurrer to such declaration or grant a motion to strike out the allegations as to the damages suffered.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error, as plaintiff in the court below, instituted an action at law against the defendant in error in which the following declaration was filed:

"And now comes E. O. Flood, the plaintiff, by Wall & McKay, his attorneys, and complains of John A. Graham, the defendant.

For that whereas, on or about the 15th day of June, A. D. 1906, the said plaintiff purchased of and from the said defendant for the sum of Thirty-eight Hundred Sixty-four ($3864.00) dollars, certain lands situate in the County of DeSoto of the State of Florida, and a more particular description of which is to be found in a certified copy of the deed from the defendant and his wife to the plaintiff, hereto attached, and marked Exhibit 'A' and made a part of this declaration; and whereas the said lands were so purchased by the plaintiff from the said defendant for the purpose of re-sale at a profit, to the Charlotte Harbor & Northern Railway Company, a corporation organized and existing under the laws of the State of Florida, which said purpose of re-sale by the plaintiff to the said Railway Company was well known to the defendant; and whereas, on or about the said 15th day of June, A. D. 1906, in the County of Hillsborough, State of Florida, said defendant, joined by his wife, Nina H. Graham, did execute, acknowledge and deliver to the plaintiff warranty deed covering said lands, and did thereby convey the same to the plaintiff, and in and by said deed did covenant and agree with the plaintiff that the said lands were then and there free and discharged from all liens and incumbrances of any kind whatsoever.

And the said plaintiff avers that at the time of the delivery of said deed in the County of Hillsborough, State of Florida, as aforesaid, said lands were not free and discharged from all liens, incumbrances of every kind whatsoever, but the same were subject to a right in the Florida Land & Improvement Company to enter upon said lands and enjoy the benefit of the oil and asphalt rights therein for a period of Ten (10) years from the 15th day of August, A. D. 1905.

And the said plaintiff further avers that he had con-

tracted with the said Charlotte Harbor & Northern Railway Company, to convey said lands to it free and discharged of all liens and incumbrances whatsoever, at the
price of Four ($4.00) Dollars per acre, but that on account of the existence in the said Florida Land & Improvement Company of the oil and asphalt rights in said lands,
as aforesaid, the said Railway Company refused to pay to
the plaintiff the said sum of Four ($4.00) Dollars per
acre, and would not accept a conveyance of said lands
only at a reduced price of Three and 25/100 ($3.25) Dollars per acre.

And the plaintiff further avers that by reason of the existence of said right to the oil and asphalt in said lands
in the Florida Land & Improvement Company, as aforesaid, there was a breach of the defendant's warranty of
said lands, as being free and discharged of all liens and
incumbrances, and he was damaged thereby in the sum of
Sixteen Hundred Eighty ($1680.00) Dollars, and he has
also been deprived of the interest thereon from the 20th
day of June, A. D. 1908, and he therefore brings suit
against said defendant, and claims damages in the sum of
Five Thousand ($5000.00) Dollars."

The covenants in the deed upon which the action is
based are as follows, a certified copy of such deed being
attached to and made a part of the declaration:

"And the said parties of the first part for themselves
and their heirs, executors and administrators do covenant and agree with the said party of the second part,
his heirs, executors, administrators and assigns, that
they are lawfully seized of the said premises in fee simple,
and have good right to sell and convey the same to the
said party of the second part; that the said premises are
free and discharged from all taxes, tax titles or certifi-

cates, judgments, mechanics' liens and encumbrances of any kind whatsoever, and that they will, and their heirs shall, warrant and defend the same to the said party of the second part, his heirs and assigns forever, against the lawful claims and demands of all persons."

To this declaration the defendant filed the following motion:

"Now comes the defendant in the above entitled cause and moves the court to strike from the declaration of the plaintiff that paragraph on page two beginning with the words "And the said plaintiff further avers" down to the words "per acre," for the reason that the allegation is immaterial, irrelevant to the plaintiff's cause of action and tends to embarrass a fair trial of said cause for the reason that the damage claimed in said paragraph is not proper damage for a breach of the defendants covenants, the true measure of damages being the difference between the value of the lands without the reservations of oil and asphalt rights and the value of the lands with said rights existing."

The defendant also interposed the following demurrer:

"Now comes the defendant in the above entitled cause, and says that the declaration filed by the plaintiff is bad in substance and in law, and demurs thereto.

For good and substantial matters of law to be argued to the court, the defendant states the following:

1st.   That the reservations of the oil and asphalt rights by the Florida Land & Improvement Company does not constitute a breach of the covenants of warranty.

2nd.   That the declaration fails to allege that there was any oil or asphalt on the land and tenements described.

3rd.   Even if there was any oil or asphalt rights on the lands and the reservation thereof constituted a breach of the defendant's covenants against encumbrances, the

measure of damages would be the difference in the value
of the land without such reservations and its value with
such reservations, and not the difference in price which'
the plaintiff sold the land to the Charlotte Harbor &
Northern Railway."

The court granted the motion and sustained the de-
murrer, and, the plaintiff declining to amend, entered
final judgment against the plaintiff. · The correctness of
these rulings is challenged by a writ of error, which the
plaintiff had issued to such judgment.

The assignments of error may be considered together,
since practically they raise the same question and present
the same point for determination. Is the covenant in the
deed in question, "that the said premises are free and dis-
charged from all taxes, tax titles or certificates, judg-
ments, mechanics' liens and encumbrances of any kind
whatsoever," sufficiently broad to warrant and support
the action alleged in the declaration? In VanNess v.
Royal Phosphate Co., 60 Fla. 284, 53 South Rep. 381, we
had occasion to consider somewhat the question as to
what constitutes incumbrances, and while we fully ap·
prove of what is said therein it is not decisive of the ques·
tion presented in the instant case, though it will prove
helpful. In the cited case it will be observed that the deed
in question contained only one covenant, which is copied
in the opinion, and we were called upon to construe the
same and to determine whether such covenant gave the
grantee in the deed a right of action against the grantor
for damages because of the existence of a railroad right
of way and of the roadbed and track upon the lands there-
in described at the time the same were conveyed. This
question we answered in the negative and in so doing had
occasion to construe section 2450 of the General Statutes
of 1906, all of which clearly appears in the opinion. In

the instant case we have more than one covenant, but the
words of the statute are not strictly followed, so as to
constitute the statutory covenants, which we held in the
cited case must be done. The point which we are called
upon to decide is not free from difficulty. It is not always
an easy matter to determine what constitutes an incum-
brance. See Vol. 4 of Words & Phrases Judicially Defined,
pages 3519 to 3527, where a number of authorities will
be found collected, also Vol. 2 of the same work, page
1694, under the topic, covenants against incumbrances.
The most nearly in point case which we have been able
to find is Stambaugh v. Smith, 23 Ohio St. 584. In that
case a demurrer was interposed to the petition, which cor-
responds to our declaration, but was overruled, which
ruling was assigned as one of the grounds of error. The
entire case will be found instructive. The alleged incum-
brance in that case was "a coal right or interest and
privileges conveyed" by a prior deed. We take the fol-
lowing excerpt from the opinion:

"It is also claimed by the plaintiff in error, that the
interest in the coal and coal privileges acquired by Wil-
kinson under his deed does not constitute an incumbrance
within the meaning of this covenant.

The deed purports to 'give, grant, bargain, sell and con-
vey' all the iron ore and coal upon the premises, together
with the privilege of entering on the lands, excavating
and mining for coal and iron ore, with the further privi-
lege of roads and ways. A vested interest in a part of
the land, and an easement in the balance, accrued to
Wilkinson upon the delivery of the deed; and although it
may be true that the title to the coals in place vested
absolutely in the purchaser, yet from the nature of the
property the only valuable or profitable exercise of the
rights of ownership consisted in the right to remove the

coal and ore.  The right to remove them must have been the sole inducement to the purchase, as dominion in fact could be exercised over them in on other way; and when removed the entire estate in the lands is left in the grantor or those succeeding him in the estate.

The right or interest thus conveyed to Wilkinson, we think, fairly comes within the most approved definition of an incumbrance within the scope and meaning of this covenant, namely; 'every right to or interest in the land, which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.'  Rawle on Cov. 95, and cases cited.  Within the authority of decided cases the right to cut and remove growing trees is an incumbrance.  22 Pick. 447; 97 Mass. 195; 6 Allen, 420.  A right of dower either inchoate or consummate. 3 Zabr. 260; 8 Ala. 373; 2 Greenl. 26; 49 N. H. 549.  A private way. 46 Penn. St. 229; 2 Allen, 598; 15 Pick. 68; 5 Conn. 497.  A lease for years. 2 Speers, 649.  A contract of sale.  1 Rawle, 382. A right of way for railroad.  24 Iowa, 69, etc.

The demurrer to the petition was properly overruled."

In addition to the authorities therein cited, also see Cathcart v. Bowman, 5 Pa. St. 317; People's Savings Bank Co. v. Parisette, 68 Ohio St. 450, 67 N. E. Rep. 896, 96 Am. St. Rep. 672; Adams v. Reed, 11 Utah 480, 40 Pac. Rep. 720; Consumers' Gas Trust Co. v. Littler, 162 Ind. 320, 70 N. E. Rep. 363, though it is not necessary for us to commit ourselves to all that is said in the cited authorities, and we do not wish to be understood as so doing.  We would also refer to Rawle on Covenants (4th ed.) pages 94 and 113, and 2 Devlin on Deeds (2nd ed.) sections 906 and 907.  As to what may subsequently develop in the case we have no means of knowing, but we are clear, in the light of the authorities, that the allega-

tions of the declaration show that the legal rights of the plaintiff have been invaded. This being true, he was entitled to recover, in the event he succeeded in proving such allegations, at least nominal damages, consequently the demurrer to the declaration should have been overruled. Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 South. Rep. 209. Neither do we think that the declaration was amenable to the motion to strike. It follows that all the errors are well assigned and that the judgment must be reversed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.