**R. H. GORE, and R. H. GORE, as trustee of R. H. GORE COMPANY, an Illinois Corporation, v. GENERAL PROPERTIES CORPORATION, a corporation of Florida.**

6 So. (2nd) 837            Division B
March 13, 1942

Kennedy & Kennedy, for plaintiffs in error.
Chancey & Chancey, for defendant in error.

CHAPMAN, J.:

On June 10, 1940, R. H. Gore and R. H. Gore, as Trustee of R. H. Gore Company, filed a declaration in the Circuit Court of Broward County, Florida, against General Properties Corporation consisting of four counts and claiming damages in the sum of $25,000.00. The first count is viz.:

"1. The defendant, General Properties Corporation, on the 17th day of March, 1936, executed and delivered to R. H. Gore, his heirs and assigns, a warranty deed, whereby, for the consideration therein mentioned, said defendant did convey and warrant unto the said R. H. Gore, his heirs and assigns, a warranty deed, whereby, for the consideration therein mentioned, said defendant did convey and warrant unto the said R. H. Gore, his heirs and assigns the following described lands, situate, lying and being in Broward County, Florida, to-wit:

"Lots Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Block Thirty (30) of the town of Fort Lauderdale, according to the plat thereof recorded in Plat Book 'B,' page 40, of the public records of Dade County, Florida;

"That in and by said deed, the said defendant did covenant with the said R. H. Gore, his heirs and assigns, that at the time of the making and delivery of said warranty deed, it, the defendant, was lawfully

seized and possessed of the premises in an estate in fee simple and that said premises were free of all encumbrances. Nevertheless, plaintiffs aver that the said real estate was not at the time of the ensealing and delivery of said warranty deed to R. H. Gore, free and clear of all encumbrances in that one Concepcion Fernandez Loud, wife of Wilmer A. Loud, had an inchoate right of dower in and to the said real estate, and which said inchoate right of dower did constitute an encumbrance on said real estate, by reason of which the plaintiff, R. H. Gore as Trustee for R. H. Gore Company, claiming title by through and under the said R. H. Gore, by warranty deed dated September 9, 1938, was deprived of sale of said real estate and thereby lost a large sum of money, to-wit: the sum of $20,000.00.

"Wherefore plaintiffs sue defendant and claim $25,000.00 damages."

The second, third and fourth counts differ from the first count only in amount of damages sought to be recovered. The second count sought to recover the sums of money expended necessary to clear up and quiet the title by removing existing encumbrances. The third count sought to recover the losses sustained by failure to sell the property because of the alleged encumbrance. The fourth count sought to recover the moneys lost by a failure to sell the land because of the encumbrance and the moneys expended necessary to quiet title against the encumbrance alleged to be the inchoate right of dower of Concepcion Fernandez Loud. A bill of particulars attached to the original declaration is viz.: (a) To damage for loss of sale $20,000.00; (b) To damages for cost of quieting title $3,156.00; (c) To damages, $1,843.89; Total $25,000.00.

On August 11, 1940, an order was made striking the name of R. H. Gore as a proper party plaintiff; and on August 16, 1940, an order was entered sustaining a motion to strike counts 1, 2 and 4 of the declaration, and a demurrer was sustained as to count 2, with leave to amend the second count.

On September 2, 1940, an amended declaration was filed, with bill of particulars attached, viz.:

"The plaintiff, R. H. Gore, as Trustee for R. H. Gore Company, an Illinois corporation, by leave of Court first had and obtained by his undersigned attorneys sues General Properties Corporation, a Florida corporation, and claims damages in the sum of $25,000.00, for this to-wit:

"1. The defendant, General Properties Corporation, on the 17th day of March, 1936, executed and delivered to R. H. Gore, his heirs and assigns, a warranty deed, whereby, for the consideration therein mentioned, said defendant did convey and warrant unto the said R. H. Gore, his heirs and assigns, the following described lands, situate, lying and being in Broward County, Florida, to-wit:

"Lots Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Block Thirty (30), of the town of Fort Lauderdale, according to the plat thereof recorded in Plat Book 'B', page 40, of the public records of Dade County, Florida;

"That in and by said deed, the said defendant did covenant with the said R. H. Gore, his heirs and assigns, that at the time of the making and delivery of said warranty deed, it, the defendant, was lawfully seized and possessed of the premises in an estate in fee simple and that said premises were free of all encumbrances. Nevertheless, plaintiff avers that the

said real estate was not at the time of the ensealing and delivery of said Warranty deed to R. H. Gore free and clear of all encumbrances in that one Concepcion Fernandez Loud, wife of Wilmer A. Loud, had an inchoate right of dower in and to said real estate, and which said inchoate right of dower did constitute an encumbrance on said real estate, by reason of which the plaintiff, R. H. Gore, as Trustee for R. H. Gore Company, who acquired title to said real estate by a warranty deed from R. H. Gore on September 9, 1938, and is now claiming by, through and under the said R. H. Gore, was required to and did expend large sums of money to clear and quiet the title to said real estate and remove the encumbrance existing thereon as aforesaid. Plaintiff says that such expenditures were reasonable and necessary.

"Wherefore, plaintiff sues defendant and claims $25,000.00 damages.

> "Kennedy & Kennedy
> "By W. T. Kennedy
> "Attorneys for Plaintiffs.

"Bill of Particulars

"Expenses incidental to preparing and causing to be passed Chapter 10116, Laws of Florida, Acts of 1939 ............$   500.00
Court costs, fees of Guardian ad Litem, Administrator ad Litem, Court Reporter, Abstract, Telephone and Telegraph ..........................................................   156.11
Attorneys' fee ..........:...............................................   2500.00
Damages ...........................................................   21843.89

Total ............................................$25000.00"

A demurrer was directed to the amended declaration and the grounds thereof were: (1) notice of the existence of the encumbrance prior to the institution of suit to quiet title and incurring the expenses incident thereto was not had on the defendant; (2) an opportunity to quiet the title at the expense of the defendant was never given by the plaintiff prior to incurring and payment of the costs incident to the removal by a decree of the court of the encumbrance; (3) plaintiff failed to allege that notice of the existence of the encumbrance against the title and the intention of plaintiff to clear same by court decree was never served on defendant prior to the institution of the suit to quiet title; (4) it is not alleged that a demand to clear the title of the inchoate right of dower of Concepcion Fernandez Loud by the plaintiff on the defendant prior to the institution of suit to quiet title; (5) it was not alleged that Concepcion Fernandez Loud claimed or asserted an inchoate right of dower to the real estate.

Likewise a motion to strike the amended declaration was filed and an order was entered by the circuit court on July 22, 1941, sustaining the demurrer to the amended declaration and a motion to strike the item of $500.00, alleged to be expenses incidental to preparing and causing to be passed Chapter 19116, Acts of 1939, Laws of Florida. The plaintiff below declined to amend his amended declaration, and on August 15, 1941, a final judgment in behalf of the defendant and against the plaintiff was entered and an appeal therefrom perfected to this Court.

A right of dower, inchoate or consummate, is an encumbrance within the covenant against encumbrances. An inchoate right of dower does not constitute an

estate, title, or interest in land. See Vol. 7, Thompson on Real Property (Perm. Ed.), par. 3714, page 192. An encumbrance within the covenant against encumbrances is every right to or interest in the land, which may subsist in a third party, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. Right of dower, inchoate or consummate, is an incumbrance. See Flood v. Graham, 61 Fla. 207, 54 So. 456, Ann. Cas. 1912D, 1137; Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L.R.A. (N.S.) 833, Ann Cas. 1912C 647; 21 C.J.S. 957, par. 100; 2 Devlin on Real Estate (3rd Ed.) 1704, par. 907; 15 C.J. 1234, pars. 46-47.

The covenants in the warranty deed, being the basis of this suit, are alleged in the declaration. The deed was not by reference made a part thereof. The case of Flood v. Graham, 61 Fla. 207, 54 So. 456, involved encumbrances within the covenants of a deed and are viz.:

"'And the said parties of the first part for themselves and their heirs, executors and administrators do covenant and agree with the said party of the second part, his heirs, executors, administrators and assigns, that they are lawfully seized of the said premises in fee simple, and have a good right to sell and convey the same to the said party of the second part; that the said premises are free and discharged from all taxes, tax titles or certificates, judgments, mechanic's liens and encumbrances of any kind whatsoever, and that they will, and their heirs shall, warrant and defend the same to the said party of the second part, his heirs and assigns forever against the lawful claims and demands of all persons.'"

The lower court held the declaration bad and dismissed the suit, but on appeal here the judgment was reversed and we held that the declaration stated a cause of action and in part said (text 61 Fla. 213-14) :

"The right or interest thus conveyed to Wilkinson, we think, fairly comes within the most approved definition of an incumbrance within the scope and meaning of this covenant, namely, 'every right to or interest in the land, which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.' Rawle on Cov. 95, and cases cited. Within the authority of decided cases the right to cut and remove growing trees is an incumbrance. 22 Pick. 447; 97 Mass. 195; 6 Allen, 420. A right of dower either inchoate or consummate. 3 Zabr. 260; 8 Ala. 373; 2 Greenl. 26; 49 N. H. 549. A private way. 46 Penn. St. 229; 2 Allen, 598; 15 Pick. 68; 5 Conn. 497. A lease for years. 2 Speers, 649. A contract of sale. 1 Rawle, 382. A right of way for railroad. 24 Iowa 69, etc. . . .

"In addition to the authorities therein cited, also see Cathcart v. Bowman, 5 Pa. St. 317; People's Savings Bank Co. v. Parisette, 68 Ohio St. 450, 67 N. E. Rep. 896, 96 Am. St. Rep. 672; Adams v. Reed, 11 Utah 480, 40 Pac. Rep. 720; Consumers' Gas Trust Co. v. Littler, 162 Ind. 320, 70 N. E. Rep. 363, though it is not necessary for us to commit ourselves to all that is said in the cited authorities, and we do not wish to be understood as so doing. We would also refer to Rawle on Covenants (4th ed.) pages 94 and 113, and 2 Devlin on Deeds (2nd ed.) Sections 906 and 907. As to what may subsequently develop in the case we have no means of knowing, but we are clear, in the light of the authorities, that the allega-

tions of the declaration show that the legal rights of the plaintiff have been invaded. This being true, he was entitled to recover, in the event he succeeded in proving such allegations, at least nominal damages, consequently the demurrer to the declaration should have been overruled. . . ."

Counsel for defendant in error asserts, in the absence of notice, that the costs of removal of encumbrances cannot be recovered, and cites authorities to sustain this contention, which have been examined. We fail to find a condition in the covenants declared upon that notice and an opportunity to remove the encumbrance should be made or given. The covenant against encumbrances is broken when the deed is delivered, and a right of action immediately accrues.

Thompson on Real Property, Vol. 7 (Permanent Ed.) page 212, par. 3736, provides:

"(3736 (3519). Covenant Against Encumbrances Broken on Delivery of Deed.—A covenant against encumbrances is broken on the delivery of the deed, if an encumbrance on the land then exists. Accordingly an eviction is not necessary to the right of action on this covenant. There is a distinction in this respect between a covenant against encumbrances and a covenant of warranty against encumbrances. 'The covenant against encumbrances . . . is a covenant in praesenti, and is broken as soon as made, if there is an outstanding paramount title, or any existing charge, burden, or interest diminishing the value or enjoyment of the land.' When the covenant is in the usual form, 'that the premises are free from all encumbrance,' it is a covenant in praesenti, and is broken as soon as made. When, however, instead of standing by itself it is coupled to the covenant for quiet enjoyment, immedi-

ately following it and connected with it by the word 'and,' it may be a covenant in futuro, and will then run with the land until broken."

Section 3737, page 213, *supra,* provides:

"(3737 (3520). When Right of Action Accrues on Covenant Against Encumbrances.—The right of action accrues to the covenants immediately. When, at the time of the conveyance, there is an outstanding lien or encumbrance, the grantee need not wait until he is evicted. If the grantee extinguishes the encumbrance he may recover the amount so paid. If he has not extinguished it he can recover only nominal damages. A breach of a covenant puts an end to it, and a right of action arises as on an ordinary chose in action; so where a covenant is one against encumbrances, action arises immediately, as such covenant is broken when made, if at all. It has been held that the statute of limitations begins to run against an action for the amount paid to extinguish an encumbrance from the time the covenantor refuses to indemnify the covenantee for such payment."

Plaintiff below as measure of damages sought to recover under the covenant because of the alleged encumbrance; (a) Count One: the loss of a sale of the property described and as a corollary a large profit; (b) Count Two: all money expended necessary to clear the title and remove the encumbrance; (c) Count Three: the losses sustained by a failure to sell and obtain a profit bceause of the encumbrance. The Fourth Count sought to recover the profits of a sale and the costs of removing the encumbrance. The amended count sought to recover incidental expense necessary to prepare or draft Chapter 19116, Acts of 1939, Laws of Florida, and to procure its enactment

by the Florida Legislature: Court costs expended in the sum of $156.11; the sum of $2,500.00 as attorney's fees; and damages in the sum of $21,843.89.

It was unquestionably these several items of damages sought to be recovered that induced the trial court to enter its order of August 16, 1940, allowing the plaintiffs to file an amended declaration. The amended declaration was filed, containing items that could not be legally recovered, and the order of July 22, 1941, was entered. Many items claimed because of the encumbrance could not be recovered and the lower court ruled accordingly, but his order permitted the filing of an amended declaration, which was declined by counsel. The lower court recognized and ruled that plaintiff could recover because of the encumbrance proper items. It appears that the condition of the pleadings in the case at bar is an example of the value of the merits of pre-trial conference, when views of the court on the law could be determined. The right of recovery for certain items, as disclosed by the orders, was recognized by the lower court.

Assuming that the plaintiff below can sustain by proof the material allegations of the declaration as to a breach of the covenant against the encumbrance, the measure of damages recoverable for said breach should be the amount paid or the costs necessarily incurred to remove the encumbrance, provided said amount or amounts were reasonable. See Devlin on Real Property, Vol. 2 (3rd ed.) p. 1720, par. 918. In many jurisdictions reasonable attorney's fees and court costs, with interest from date of payment, expended by a covenantee in good faith in defending or perfecting a title are reasonable items of recovery on the covenant. 15 C. J. 1333; Arkansas Trust Co.

v. Bates, 187 Ark. 331, 59 S.W. (2nd) 1025; Chicago Mill & Lbr. Co. v. Townsend, 203 Ill. App. 457.

The judgment appealed from is hereby reversed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.