SMITH, Judge.
Appellees filed their complaint for foreclosure of a mortgage against the appellant. In its amended answer, the appellant plead a counter-claim seeking damages from the plaintiffs for breach of warranty. Upon motion, the court dismissed the amended counterclaim and the counter-claimant appeals. Our questions pertain only to the amended counter-claim, and we will refer to the counter-claimant as the Abstract Company, and the plaintiffs, who were counter-defendants, as Roberts.
The amended counter-claim alleges that in 1955 Roberts owned the property in question and that they conveyed it to Ware by warranty deed; that there were several intervening conveyances by warranty deed and the property was then conveyed by warranty deed to Storm; that all of the preceding deeds were general warranty deeds and neither contained any exceptions to any outstanding easement on the property, but that during the entire period there existed of record, and there was now outstanding, a certain permanent easement granted by a predecessor in title to the State of Florida in the year 1946; that, after the conveyance to him, Storm discovered the existence of the easement, but had no prior knowledge thereof; and, that Storm conveyed the property to the Abstract Company by warranty deed which, however, was specifically made subject to the easement, and simultaneously Storm assigned his right of action for all claims against Roberts to the Abstract Company. The counter-claim then alleges in much detail the various purchase prices paid and alleges damages in extensive evidentiary fashion, concluding that the property, when purchased by Storm, had a market value of $22,000.00, had the easement not existed, but that with the easement, the property had a market value of $10,000.00. It then alleges that its damages have been partially satisfied to the extent of $7,100.00 and contends that the damages remaining for the breach of warranty is $4,900.00, plus certain other items of costs and expenses.
The Roberts’ motion to dismiss the counter-claim was to the effect that the counterclaim failed to state a cause of action. The motion also contained many evidentiary statements. The court granted the motion to dismiss, reasoning that the conveyance from Roberts was for a consideration of $8,000.00; that the amended counter-claim alleged that the value of the property with the encumbrance of the easement was $10,-000.00, and thereby concluded that the counter-claim failed to state a cause of action.
The existence of the easement on the land was a breach of the general warranty covenants. Flood v. Graham, 1911, 61 Fla. 207, 54 So. 456; Gore v. General Properties Corporation, 1942, 149 Fla. 690, 6 So.2d 837, 141 A.L.R. 476. The allegation that the existence of the easement was not visible on the ground and not known was sufficient to show that there could not exist the assumption that the parties knew of it and contracted with it in mind as were the facts in Van Ness v. Royal Phosphate Co., 1910, 60 Fla. 284, 53 So. 381, 30 L.R.A.,N.S., 833 (railroad tracks); and James v. Gollnick, 1930, 100 Fla. 829, 130 So. 450 (drainage ditches). All immediate grantors, back to and including the original grantor-covenantor, become liable upon the breach of the covenant of title to the assignee or grantee in possession. 14 Am.Jur. 562, Covenants, Conditions and Restrictions, § 124. The time *5 when a right of action for the breach of a covenant of title accrues depends upon the time when the covenant is considered as broken. 14 Am.Jur. 559, Covenants, Conditions and Restrictions, § 120. The covenant against encumbrances relate to things existing at the time such conveyance was made and is broken, if at all, at that time, and the cause of action for nominal damages then accrues. 14 Am.Jur. 560, Covenants, Conditions and Restrictions, § 122. A covenant against encumbrances is generally held to be broken by the existence of any outstanding easement which diminishes the value of the land conveyed. 21 C. J.S. Covenants § 101, p. 957.
Florida Rule of Civil Procedure 1.13, 30 F.S.A., supersedes the rule set forth in the prior decisions to the effect that a purchaser under warranty deed in possession cannot, before eviction, obtain the aid of a court of chancery to set up a breach of covenant by deed in a mortgage foreclosure action. Johnson v. Green, Fla.1951, 54 So.2d 44. Since the adoption of that rule, the defendant may state as a counter-claim against the plaintiff, any claim, within the jurisdiction of the court, not arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim.
It is well settled that a cause of action growing out of injury to property may be assigned, especially when the as-signee has acquired title to the property. Florida Power Corporation v. McNeely, Fla.App.1961, 125 So.2d 311. The remaining part of the question turns on the proper method of attacking the allegations of a complaint with reference to damages. If a portion of the Abstract Company’s allegations as to damages were improper, then a motion to strike, directed to those parts, would have been appropriate. One of the basic purposes of a motion to dismiss is to test the over-all sufficiency of the complaint to state a claim upon which relief can be granted. Since the complaint states a claim upon which at least nominal damages may be awarded, then it follows that the motion to dismiss the amended counterclaim should not have been granted, even though some of the damages alleged may have been non-recoverable. Augustine v. Southern Bell Telephone & Tel. Co., Fla. 1956, 91 So.2d 320.
The sustaining of the motion to dismiss the amended counter-claim was error. The judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
SHANNON, C. J., and WHITE, J., concur.