SHANNON, Judge.
Appellants have filed this appeal from a final order of the lower court, which dismissed their complaint with prejudice. The plaintiff in the lower court, Lawyers’ Title Guaranty Fund, filed suit through the names of William Brewster and Bertha Brewster, husband and wife, against the defendants, C. Blitz Wegman and Mary B. Wegman, husband and wife. The complaint alleged that in 1956 the Brewsters purchased a tract of land from the Weg-mans, who delivered a warranty deed to the Brewsters. In 1936 the United States Government took a spoil easement in a part of the land that was conveyed by the Weg-mans. This easement was recorded but was not excepted from the operation of the warranty deed. An inspection of the property would not disclose the easement as it was a maintenance easement for the Caloosahatchee River Ship Canal.
The complaint further alleged that the existence of the easement was a breach of the warranties in the deed and that the plaintiffs had suffered damages in excess of $5,000.00. The defendants filed a motion to dismiss the complaint stating numerous grounds, one of which was that the easement was on record at the time of the transfer to the plaintiffs and this was constructive notice. The lower court agreed with defendants’ contention and dis *338 missed the complaint with prejudice. Subsequently plaintiffs filed this appeal.
The existence of an undisclosed permanent easement on land constitutes a breach of the general warranty covenants. Abstract Company of Sarasota v. Roberts, Fla.App.1962, 144 So.2d 3; Gore v. General Properties Corporation, 1942, 149 Fla. 690, 6 So.2d 837, 141. A.L.R. 476; and Flood v. Graham, 1911, 61 Fla. 207, 54 So. 456. In the Abstract Company of Sarasota case the grantors brought suit to foreclose a mortgage and the grantees counterclaimed for a breach of warranty. The court held that the grantees had a cause of action for damages, due to the existence of an undisclosed easement on the land. In the Gore case there was a right of dower in the land. The court held that the grantee could recover as damages the amount he expended in removing this encumbrance. In the Flood case a third party had a right to enter upon the land and remove the oil and asphalt on it. The grantee was permitted to recover the damages he suffered from the existence of this easement.
It should be noted that in the above three cases the easements involved were not visible upon an inspection of the land. The same is true of the case presently being appealed. This fact would distinguish this case from situations where the easement could be seen on the land, such as Van Ness v. Royal Phosphate Co., 1910, 60 Fla. 284, 53 So. 381, 30 L.R.A., N.S., 833, where the easement in favor of the railroad was obvious since there were railroad tracks laid on the land. Where the easement is apparent, there is a presumption that the parties knew about it and contracted with reference to it. However, in the case presently being appealed the easement was not visible upon an inspection of the land, so it cannot be presumed that the parties contracted with reference to the easement. Here the warranty-deed did not except the easement in question from the covenant against encumbrances. Based on the authorities cited in this opinion, there has been a breach of the warranties in the deed and the appellants have a cause of action against the appellees for damages which were caused as a result of this breach. Therefore, the lower court was in error when the complaint was dismissed with prejudice and the cause must be reversed for further action not inconsistent with this opinion.
Reversed.
ALLEN, C. J., and HOBSON, J., concur.