WIGGINTON, Judge.
Third-party defendants, Sylvan T. Mar-ler and wife, Shirley Marler, have appealed a judgment rendered in a non jury case which awarded damages to third-party plaintiff, Virginia Searcy Barr, for a breach of warranty in a deed to real estate given by appellants to appellee. The breach of warranty consisted of a recorded easment given by appellants to a vendee of adjacent land for a right-of-way across the back end of the property conveyed by appellants to appellee.
It is appellants’ position that the easement previously granted by them across the property sold to appellee was open, visible, and in use by the owner of the easement and known to appellee at the time of the negotiations leading up to the sale of the property in question. This being the case, appellants contend that the fact that appellee did not know of the recorded easement is of no consequence since she had actual knowledge of the use of the right-of-way by the adjacent landowner and therefore accepted title to the land subject to the easement. On this factual basis appellants insist that the existence of the easement did not constitute a breach of the warranty contained in the deed given by them to appellee.
The law is well settled in this state that one who purchases land which is subject to an easement that is open, visible, permanent, and of a continuous character, such as a railroad or improved street or highway, takes subject to such easement. The existence of such an easement will not be considered a breach of warranty in a deed conveying the land which is subject to the easement.[1] The law is equally well settled that the existence of an undisclosed permanent easement on land of which a purchaser has no actual knowledge constitutes a breach of the general covenants of warranty in a deed conveying the land to the innocent purchaser.[2]
In the case sub judice the trial court found from the evidence adduced before him that although appellee, prior to purchasing the land in question from appellants, was aware that an adjacent property owner was using the rear of the property as a means of egress and ingress from the street to the rear of his building, nevertheless appellant-sellers had assured appellee-purchaser that such use was not granted by any written instrument but was merely *185 temporary in nature, nonassignable, and revocable at will. The right-of-way used by the adjoining landowner was not improved nor did it possess any of the characteristics of permanency. It was upon such findings that the trial court concluded that the easement vested in the adjoining landowner as evidenced by a prior recorded instrument was in the nature of an undisclosed encumbrance against the land sold by appellants to appellee, the existence of which constituted a breach of the general covenants of warranty in the deed by which appellee purchased from appellants.
We have examined the record and find that the trial court’s findings are supported by competent and substantial evidence. Under the circumstances it is our view that the existing easement was undisclosed insofar as concerned appellee, and the issue between the parties is controlled by the decision in Brewster v. Wegman, supra. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381.

. Brewster v. Wegman, (Fla.App.1967) 199 So.2d 337.