352 So.2d 905 (1977)
Rose G. ROWELL, Appellant,
v.
Frank E. ALL and Lois E. All et al., Appellees.
No. FF-235.
District Court of Appeal of Florida, First District.
November 22, 1977.
*906 James O. Shelfer, Tallahassee, for appellant.
J. Lewis Hall, Jr., of Hall & Booth, Tallahassee, for appellees.
SMITH, Judge.
Plaintiff appeals from a final judgment granting defendants' motion to dismiss plaintiff's amended complaint because the pleading reveals on its face that the action is barred by the five-year statute of limitations, Section 95.11(2), Florida Statutes (1975). Plaintiff sued defendants, the remote grantors of plaintiff's Leon County home, for breach of a covenant of title warranty. Defendants conveyed the property by warranty deed in 1964 to plaintiff's grantor, who conveyed to plaintiff in 1965. In 1974, when the State of Florida began highway construction across plaintiff's yard, plaintiff discovered that in 1950 the State had acquired a highway easement by quitclaim from an owner still more remote in the chain of title. The circuit court held that defendants' breach of warranty occurred in 1964 at the instant of defendants' conveyance and that the statute of limitations then began to run because the easement, though invisible and undisclosed in fact, was held by the sovereign whose presumed assertion of right is presumed to have constructively evicted the possessor.
A legal fiction, useful enough in a proper context, appears here to have overrun its usefulness. When the grantor's covenant of warranty is breached by the existence of an undisclosed interest in the government, the grantee may maintain an action on the covenant notwithstanding that the government has not evicted the possessor. 7 G. Thompson, Real Property 372 (1962 repl. vol.). The usual requirement is that the covenantee show his eviction by the holder of the paramount interest. Id., §§ 3196-3200. But the sovereign is said to assert its paramount but undisclosed interest at all times; and the possessor cannot but yield and so is constructively evicted. Thus actual dispossession by the sovereign is not required before the grantor's action on the covenant of warranty. See generally 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 59 (1965).
When the government's paramount interest is visible or disclosed at the time the covenant of warranty is made, the grantee is regarded as having contracted mindfully of that interest, and there is no breach of the grantor's covenant. Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381 (1910). But where as here the government's paramount interest is undisclosed until later, there is an actionable breach of the covenant of warranty. Brewster v. Wegman, 199 So.2d 337 (Fla.2d DCA 1967). Some courts have held that the fiction which justifies the grantee's action at the time he discovers the government's interest, though there is no eviction, requires also that the statute of limitations be held to run from the instant the grantor's covenant was breached, that is to say, when it was made. Annot., 95 A.L.R.2d 913, 942 (1964). By that reasoning the defendants' covenant of warranty, running to their grantee and to his assigns, was both made and breached in 1964, and Section 95.11(2) foreclosed plaintiff's action on it after 1969.
There being no Florida precedent requiring that ruling, we decline to run the statute of limitations against a grantee in possession who is unaware of the sovereign's undisclosed interest and of his own constructive eviction. Rather, we adopt the view of cases holding that the statute of limitations for such a breach of the covenant of warranty does not begin to run until the grantee becomes aware of the sovereign's theretofore undisclosed interest. *907 Annot., 95 A.L.R.2d 913, 943-45 (1964). The constructive awareness provided the grantee by the recording of an otherwise undisclosed interest does not foreclose his reliance on the grantor's covenant of warranty. See Brewster, supra.
Plaintiff's action in this case is predicated on the covenant of warranty of her remote grantor, not that of her immediate grantor. We do not consider at this time whether the immediate grantor's discovery of the sovereign's easement, before conveying to plaintiff, would start running of the statute of limitations.
REVERSED.
MILLS, Acting C.J., and ERVIN, J., concur.