655 P.2d 119

**Fay A. GALBRAITH, Plaintiff-Appellant,**

v.

**VANGAS, INC., Defendant-Respondent.**

**No. 13773.**

Court of Appeals of Idaho.

Dec. 14, 1982.

WALTERS, Chief Judge.

This case involves the issue of applicable statutes of limitation, where property damage occurs as a result of the explosion of a propane water heater in a residence. We are asked to determine, first, whether the action properly lies in contract, rather than tort, triggering the applicability of the statutes of limitation relating to contracts. Second, if the action properly lies in tort, then did the cause of action accrue when the water heater was installed, or did it accrue upon the subsequent explosion, when the property damage occurred?

The water heater was installed at Galbraith's residence, by a predecessor entity of Vangas, in 1961. In 1979, it exploded, destroying Galbraith's house, and damaging or destroying her personal property inside the house. She sued Vangas, claiming that its negligent installation of the water heater caused the damages to her property. The district court granted summary judgment to Vangas, concluding that the action was barred because it was not commenced within three years pursuant to the statute of limitation governing tort actions for property damage.[1] Galbraith appeals the order granting summary judgment to Vangas. We reverse, and remand the cause for further proceedings.

■ In ruling on an appeal from summary judgment, we must determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). In making these determinations, we will construe all facts in the record, together with all reasonable inferences from the evidence on file, in the light most favorable to the party opposing the motion for summary judgment. *Id.*

Construing the record in the light most favorable to Galbraith, it appears that when the water heater was installed, the gas company employee making the installation realized that a pressure release valve was miss-

Dale P. Thomson, of Kennedy & Kennedy, Rexburg, for plaintiff-appellant.

N. Randy Smith, Pocatello, argued (Gary T. Dance, of Merrill & Merrill, Pocatello, on brief), for defendant-respondent.

1. I.C. § 5–218(3) provides that an action for injury to personal property must be brought within three years. It should be noted that part of the property allegedly destroyed might be subject to I.C. § 5–224, which provides a four-year limitation for bringing an action for damage to "fixtures," or to real property.

ing from the unit. He so informed Galbraith and told her he would come back and install the valve. He never returned.

In 1980, less than one year after the water heater had exploded, Galbraith sued Vangas[2], contending that the explosion was due to excessive pressure, which would have been prevented if the pressure relief valve had been installed. She further contended that it was the negligent omission of the employee, who failed to install the valve, that caused her losses.

The district court concluded that because the allegedly negligent installation had occurred almost eighteen years before Galbraith filed her action, and because Galbraith was aware—at the time of installation—that the pressure relief valve was missing, the applicable statute of limitation barred her claim. The court characterized the "awareness" on the part of Galbraith as "discovery" of the negligence.

Although Vangas has not cross-appealed, it urges that Galbraith's claim is barred by the statutes of limitation applicable to contracts. The record does not indicate that Vangas raised this point in the proceedings below. However, because we are remanding the case we deem it appropriate to address the contract issue.

## I

Vangas submits that "Galbraith's cause of action occurred when Vangas failed to do the thing it contracted for, i.e., install a pressure relief device." Vangas argues that because the action was not commenced within five years from the installation of the heater, the longest time period allowed for suit on a contract, it is barred.[3] We disagree.

The existence of a contract does not necessarily mean that a cause of action is entirely contractual. In Idaho a plaintiff may bring an action for tortious negligence arising from a contractual relationship. *E.g., Just's, Inc. v. Arrington Construction Company, Inc.,* 99 Idaho 462, 583 P.2d 997 (1978); *McAlvain v. General Insurance Co. of America,* 97 Idaho 777, 554 P.2d 955 (1976); *Taylor v. Herbold,* 94 Idaho 133, 483 P.2d 664 (1971); *Wallace v. Hartford Fire Insurance Co.,* 31 Idaho 481, 174 P. 1009 (1918).

Negligence in the sense of nonperformance of a contract will not sustain an action sounding in tort, in the absence of a liability imposed by law independent of that arising out of the contract itself; rather, active negligence or *misfeasance* is necessary to support an action in tort based upon a breach of contract. *Taylor v. Herbold, supra.* Here Galbraith's claim does not assert nonperformance by Vangas of a contract to install a water heater. The water heater was, in fact, installed. Rather, the complaint, in substance, alleges misfeasance by Vangas in installing a water heater which lacked a pressure relief valve.

Moreover, upon the pleadings, this case appears to be one in which there may be liability independent of that arising from the contract itself. The contract for sale and installation of a water heater (complete with a pressure relief device) established the relationship, and certain obligations, between the parties. But each of them also brought into this relationship a more general duty. This is the duty that "one owes . . . to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury." *Alegria v. Payonk,* 101 Idaho 617, 619, 619 P.2d 135, 137 (1980), quoting *Kirby v. Sonville,* 286 Or. 339, 594 P.2d 818, 821 (1979).

The courts have preserved a great deal of flexibility in allowing election by a plaintiff to pursue a remedy either in tort or in

---

**2.** This action was filed prior to, and therefore is not governed by, the Idaho Product Liability Reform Act, I.C. §§ 6–1401 et seq. *See* 1980 Idaho Session Laws ch. 225, p. 499, sec. 3.

**3.** I.C. § 5–216 provides that an action on a written contract must be brought within five years; I.C. § 5–217 provides that an action on an oral contract must be brought within four years.

contract for losses arising from misfeasance in the performance of a contract. W. Prosser, Handbook of the Law of Torts § 92 (4th ed. 1971).

Frequently, where either tort or contract will lie and inconsistent rules of law apply to the two actions, the question arises whether the plaintiff may elect freely which he will bring, or whether the court must itself decide that on the facts pleaded and proved the "gist" or "gravamen" of his cause of action is one or the other. As to this the decisions are in considerable confusion, and it is difficult to generalize.

Where the particular point at issue is one of adjective law only, affecting the suit or its procedure, but not the merits of the cause of action, the courts have tended to be quite liberal in giving the plaintiff his freedom of choice, and have upheld his action of tort or contract as he has seen fit to bring it. Likewise, where the point is one affecting substantive rights, but the claim is one for damages to property or to pecuniary interests only, the tendency has been, with some occasional dissent, to allow the election. But when the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that it is essentially one of tort, which the plaintiff cannot alter by his pleading.

*Id.* at page 621.

In this case we are not persuaded that the "gist" or "gravamen" of Galbraith's claim is in contract rather than in tort. We uphold Galbraith's election to pursue her remedy in tort, as a negligent misfeasance action, and hold that the statutes of limitation relating to contracts, are inapposite.

II

We turn next to the issue of whether Galbraith's cause of action accrued—for the purposes of the statute of limitation governing tortious damage to property—when the negligent act occurred, or when the injury occurred. This case presents an unusual set of circumstances. Ordinarily, the negligent act or omission and the resulting harm coincide. Here, the harm did not occur until approximately eighteen years after the alleged negligence.

Preliminarily, we note that the "discovery" rule relied upon by the trial court is inapplicable to this situation. *See Martin v. Clements,* 98 Idaho 906, 575 P.2d 885 (1978). The discovery rule applies to situations where a negligent act or omission, such as a doctor's failure to remove a foreign object from the body during the course of an operation, coincides in time with an injury, although the existence or full extent of the injury is not known at that time. *Id.; see also Stoner v. Carr,* 97 Idaho 641, 550 P.2d 259 (1976); *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964). Such a rule, if applied in this case, would have required pressure in the water heater to start building in 1961 and culminate in an explosion in 1979. That is an unlikely scenario.

If the cause of action accrued at the time of the alleged negligent act, then an action commenced eighteen years later clearly was outside of any applicable statute of limitation. On the other hand, if the negligence cause of action accrued at the time of the injury, then commencing the action less than one year later clearly was within any applicable statute of limitation. (*See* n. 1, *supra.*)

Ordinarily, negligence is actionable—and a cause of action thus accrues—only when an injury has been sustained. *Alegria v. Payonk,* 101 Idaho 617, 619 P.2d 135 (1980); *Reardon v. Union Pacific Railroad,* 93 Idaho 833, 475 P.2d 370 (1970); *Whitt v. Jarnagin,* 91 Idaho 181, 418 P.2d 278 (1966). "Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or be free from it, except in the case of some individual whose interests have suffered." W. Prosser, *supra,* § 30, at 143–144.

The cause of action accrues, and the statute of limitation begins to run, when a party may sue another. In cases involving

alleged negligence in connection with a product, the cause of action has been held to accrue when negligent conduct is combined with causally connected, resulting harm. *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716, 89 S.E.2d 816 (1955); *Kitchener v. Williams,* 171 Kan. 540, 236 P.2d 64 (1951); *Theurer v. Condon,* 34 Wash.2d 448, 209 P.2d 311 (1949); *see generally* Annot., 4 A.L.R.3d 821 (1965). There is some contrary authority concerning purely personal services. *E.g., Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, 631 P.2d 222 (1981) (physician malpractice action); *Josephs v. Burns,* 260 Or. 493, 491 P.2d 203 (1971) (architect and engineer malpractice action). However, we view this case as one where the service of installing a pressure relief valve is alleged to be inseparable from proper installation of a product—the water heater—and the damage allegedly was caused by a resultant defect in the product itself, as installed. It is not a purely personal service case.

■ Accordingly, we hold that the injury to Galbraith's property occurred in 1979, and the cause of action for negligence accrued at that time. She commenced her suit, alleging liability based on negligence, within one year after the cause of action accrued. We conclude that the suit was not barred by any applicable statute of limitation.

Galbraith's knowledge of the failure to install the pressure valve at the time of the installation in 1961 does not affect our conclusion on the statute of limitation issue. However, we voice no opinion as to the implications of such knowledge, and the ensuing passage of time, as far as other possible defenses to the suit may be concerned.

The judgment of the district court, dismissing the complaint under a statute of limitation, is reversed; and the cause is remanded. No attorney fees on appeal. Costs to appellant.

SWANSTROM and BURNETT, JJ., concur.