719 P.2d 1199

**LIDO VAN AND STORAGE, INC., a/k/a Threet's Lido Enterprises, Inc., a California corporation and C.E. Threet and Wilma Threet, Plaintiffs-Appellants,**

**v.**

**Sevola KUCK, an individual; the State of Idaho; Fremont County, Idaho, a political subdivision; Robert Buehler; Hal Cameron; David C. Miller; D.L. Westergard; Jerry H. Peterson; Donald Mackay; Bland Sutton; Lucille Peterson; Reed Orme; F.B. Kinghorn; H.D. Clement; S.B. Nield; John Adrian; Irme Vlodica; Elliot K. Robbins; Robert Burnham; Alan R. Harbertson; Elliot Leroy Robbins; G. Raymond Jones; Randy L. Jones; Don G. Hull; Larry Hull; and Spencer P. Loughton, Defendants-Respondents,**

**and**

**The United States of America; Merlin Lee Barker and Rex Rigby, Defendants.**

**No. 15861.**

Supreme Court of Idaho.

May 20, 1986.

Marc J. Weinpel and James F. Combo (argued), Idaho Falls, for plaintiffs-appellants.

Lynn Hossner, St. Anthony, for defendant-respondent Kuck.

Penny J. Stanford, St. Anthony, for defendant-respondent Fremont County.

C. Timothy Hopkins, Idaho Falls, for defendants-respondents Buehler et al., landowners.

SHEPARD, Justice.

This is an appeal from summary judgment in favor of defendants in an action brought by plaintiffs-appellants Lido Van and Storage to quiet title to property consisting of a highway, and alternatively, to hold defendants Kucks liable for damages for breach of a contract to convey real property.

In January 1974 Lido Van contracted with defendants-respondents Kuck to purchase land, buildings, and the business known as the "Last Chance Resort" in Fremont County, Idaho. The particular property is in the immediate vicinity of Henry's Fork of the Snake River, which is one of the premiere fishing areas of the North American continent. It is also in the vicinity of National Forest reserves, and the Harriman Railroad Ranch, a state park. In short, the property lies in the midst of beautiful natural resources. The property is bounded on the east by the present U.S. Highway 20–191, and on the west by the Henry's Fork of the Snake River. Bordering on the property on the west, along with the Snake River, is old Highway 191 which before 1956 was the main highway from Ashton, Idaho to West Yellowstone, Montana.

Lido asserts that during the negotiations regarding the purchase in 1974, the Kucks represented that the property extended beyond old Highway 191 to the high water mark of the Snake River, and that Lido could "build over the road." At some time prior to 1956 the State of Idaho had relocated U.S. Highway 191, in effect moving it from the west boundary of the property to the east boundary of the property, and had removed the old Highway 191 from the state highway system.

Hence, in 1982 Lido attempted to halt the use of the old Highway 191 along the west side of the property. The adjoining landowners claimed that they had a right to use the old Highway 191 and asserted that it

had continued in fact to be a public highway. In 1982 Lido filed suit to quiet title to the old highway naming as defendants the Kucks, the State of Idaho, Fremont County, and the adjacent landowners claiming the right to use the highway. Alternatively, Lido sought damages from the Kucks for breach of the contract to convey the real property.

Defendants moved for summary judgment. The district court held that the old Highway 191 property had been deeded to the State of Idaho in 1931, had been dedicated to the public use as a public highway, and that it had not been abandoned. The district court held that no genuine issues of material fact existed and granted summary judgment in favor of all defendants, quieting title in the old highway in the State, granting Fremont County the rights of ingress, egress and maintenance of the roadway, granting the adjoining landowners the right to use the road for ingress and egress to and from their properties, and enjoining Lido from interfering with the public use of the road.

This appeal presents essentially two issues, *i.e.*, whether when the Idaho Transportation Board removed old Highway 191 from the state highway system in 1956 that roadway became part of the Fremont County road system, or whether it reverted to Lido's predecessors in interest and hence Lido became the owner thereof; and second, whether the court erred in holding that the statute of limitations ran on Lido's cause of action, if any, for breach of contract in the sale of the real property.

■ The uncontroverted evidence before the district court establishes that the State of Idaho acquired the property occupied by old Highway 191 in 1931 by reason of a deed from Martha DeWiner to the State of Idaho, according to the records of Fremont County, Idaho. The uncontroverted evidence before the trial court also establishes that the State of Idaho did not abandon said highway, but in 1956 removed that portion of the then U.S. Highway 191 from the state highway system. It is clear from our statutes, I.C. § 40–104 (prior to 1985 codified as 40–109), that all public roadways not included in the federal highway system, the state highway system, or a city street system, are necessarily a part of the county highway system.

■ The uncontroverted evidence indicates that after the State's completion of the new highway U.S. 191, Fremont County added the old Highway 191 to its highway system, that either the State or Fremont County has maintained the old Highway 191 with public funds, and that the general public has used it continuously, openly and notoriously since the early 1900's and continued to do so after the same was removed from the state highway system in 1956. Nevertheless it is contended by Lido, that the action of the State Board of Highway Directors of removing old Highway 191 from the state highway system, had the effect of defeating the public's ownership in the roadway and in its title to the roadway, and that the roadway therefore reverted to Lido's predecessors in interest. We disagree.

There is a total absence of any evidence indicating that the State of Idaho has abandoned old Highway 191 as a public highway, and we hold rather, that upon the removal of old Highway 191 from the state highway system, it necessarily became a portion of the Fremont County highway system. That holding is buttressed by the evidence which without controversy indicates that since 1956 the highway has been maintained with public funds, and the general public has used it continuously, openly and notoriously. Ownership of that public roadway remains in the public whether the title be formally in the name of the State or Fremont County. We hold that the district court was correct in refusing to quiet title to the roadway in Lido, and in quieting title in the State.

■ As above noted, the district court also found that since the contract for the sale of the real property at issue here was executed in 1974, and the breach of contract action was not brought until 1982, that the statute of limitations precluded

Lido from asserting a breach of contract. We agree.

The undisputed evidence before the district court at summary judgment indicated that Lido knew of the existence of old Highway 191 prior to the execution of the contract to purchase the property. That evidence indicated that Lido had observed traffic on the highway during its inspection prior to the purchase, and that Mrs. Threet was thoroughly familiar with the property and the highway since she had worked at the Last Chance Resort approximately ten years prior to the purchase of the property.

A cause of action accrues and the statute of limitations begins to run when a cause of action exists. *Galbraith v. Vangas, Inc.,* 103 Idaho 912, 655 P.2d 119 (Ct.App. 1982). It is clear that given the above-stated knowledge of Lido that the injury, if any, in this matter occurred at the time the contract was executed, January 19, 1974. An action upon any contract founded upon a written instrument must be brought within five years. I.C. § 5–216; *Twin Falls Clinic and Hospital Bldg. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982). Hence, in this matter the statute of limitations ran as of January 1979.

Lido's reliance upon *Rowell v. All,* 352 So.2d 905 (Fla.App.1977) is misplaced in that *Rowell* is clearly distinguishable. In *Rowell,* the state of Florida acquired highway property by quitclaim deed from a remote owner in the chain of title. In *Rowell* the court declined to apply the statute of limitations against a grantee in possession who was unaware of the sovereign's undisclosed interest. Here, the interest of the State of Idaho was clearly indicated in the public records of Fremont County, and Lido knew of the existence of the highway and its usage by the public prior to entering into the purchase of property with Kuck.

The district court held that Lido was estopped to claim title to the property of the public roadway in the face of Lido's knowledge of the existence of the highway. *See Harrell v. City of Lewiston,* 95 Idaho

243, 506 P.2d 470 (1973); *Boise City v. Sinsel,* 72 Idaho 329, 241 P.2d 173 (1952).

We hold, as did the district court, no genuine issues of material fact existed to preclude the entry of summary judgment, and that the defendants-respondents were entitled to judgment as a matter of law.

The orders of the district court are affirmed. Costs to respondents.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.