# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51605

| | |
|---|---|
| WIL HANSEN and DEBORAH HANSEN, individually, and as Guardians Ad Litem and Grandparents, in behalf of their Grandchild, J.L., and as Patrons of Boise School District #1, and on behalf of all other similarly situated Parents, Patrons of, and children enrolled (past, and present) in Kindergarten in Boise School District #1, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BOISE SCHOOL DISTRICT #1, <br><br> Defendant-Respondent. | Boise, May 2025 Term <br><br> Opinion Filed: August 15, 2025 <br><br> Melanie Gagnepain, Clerk |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Nancy A. Baskin, District Judge.

The judgment of the district court is <u>affirmed</u>.

Wood Law Group, Idaho Falls, and Robert C. Huntley, The Huntley Law Firm, PLLC, Boise, for Appellants Wil Hansen and Deborah Hansen. T. Jason Wood argued.

Anderson Julian & Hull, LLP, Boise, for Respondent, Boise School District #1. Bret A. Walther argued.

_____

MEYER, Justice.

Wil and Deborah Hansen seek reimbursement for tuition paid for their grandchild and legal ward, J.L., to attend full-day kindergarten in Boise School District No. 1 ("the School District") during the 2017–2018 academic year. They allege that such fees violate the Idaho Constitution's "free common schools" provision and constitute a taking of property without due process. The district court dismissed the Hansens' claims as time-barred under the applicable statutes of limitation. On appeal, the Hansens argue that J.L. is entitled to the statutory tolling for minors under Idaho Code section 5-230. The School District argues that J.L. does not have standing;

1

therefore, the minority tolling statute is inapplicable. We affirm the district court's judgment dismissing the Hansens' claims because only the Hansens—not J.L.—have standing to pursue a takings claim.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Wil and Deborah Hansen are the grandparents and guardians of J.L., born in October 2011. During the 2017–2018 academic year, J.L. attended full-day kindergarten at Liberty Grade School, part of the School District. To enroll J.L. in the full-day program, the Hansens paid $250 monthly tuition for nine months ($2,250) for the second half day of kindergarten.

In February 2023, the Hansens filed a proposed class action lawsuit, challenging the School District's collection of fees for the second half day of kindergarten, in their individual capacities, as guardians of J.L., and as class representatives "of all parents/patrons and students enrolled in Kindergarten (past or present), in Boise School District #1." The Hansens alleged an inverse condemnation claim under Article I, section 14 of the Idaho Constitution. In addition, they pursued a "takings" claim under 42 U.S.C. § 1983 to enforce the Fifth Amendment of the United States Constitution. The Hansens sought a declaratory judgment invalidating the School District's kindergarten tuition policy and reimbursement of the tuition that they paid. As an additional basis for relief, the Hansens alleged a claim under Idaho's Constitutionally Based Educational Claims Act (the Education Act). I.C. § 6-2201 to 6-2216.

The complaint declared that the Hansens "relinquished their right to recover any amounts paid or debt incurred by reason of the aforesaid 'tuition,' in favor of J.L., and have ratified J.L.'s efforts to recover such tuition herein."

On a motion to dismiss, the district court concluded that the Hansens' federal takings and state inverse condemnation claims were barred by the applicable statutes of limitation and dismissed those claims. The court determined that only the Hansens had standing. Accordingly, the Hansens' Fifth Amendment claim was untimely under the two-year statute of limitation, Idaho Code section 5-219(4). Their inverse condemnation claim was untimely under the four-year statute of limitation, Idaho Code section 5-224. After the district court denied the Hansens' motion for reconsideration, they timely filed a notice of appeal.

## II.  STANDARD OF REVIEW

Issues concerning standing and statutes of limitation are questions of law over which this Court exercises free review. *McCabe v. Craven*, 145 Idaho 954, 957, 188 P.3d 896, 899 (2008); *Gifford v. W. Ada Joint Sch. Dist. # 2*, 169 Idaho 577, 582, 498 P.3d 1206, 1211 (2021).

## III.  ANALYSIS

The Hansens ask this Court to vacate the district court's dismissal of their Fifth Amendment claim on timeliness grounds and remand the case for adjudication on the merits. On appeal, they do not challenge the district court's dismissal of their claims under the Declaratory Judgment Act or the Education Act. In addition, the Hansens do not present any arguments in support of their inverse condemnation claim.

The Hansens frame the issue on appeal as a statute of limitation matter, arguing that J.L. is entitled to the statutory tolling for minors under Idaho Code section 5-230, which pauses the deadline for filing a complaint for up to six years. However, the application of Idaho Code section 5-230 is contingent upon a threshold standing inquiry.

### A.  J.L. does not have standing to pursue a Fifth Amendment claim.

We first address whether J.L. has standing to assert a Fifth Amendment takings claim where the minor did not personally pay tuition, suffer a deprivation of property, or experience a denial of educational opportunity.

The Fifth Amendment prohibits the taking of "private property . . . for public use, without just compensation." U.S. Const. amend. V. "The clearest sort of taking occurs when the government encroaches upon or occupies private land for its own proposed use." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). The Hansens' Fifth Amendment claim does not allege a traditional taking of real property but instead asserts a violation of J.L.'s constitutional right to a free education. The crux of the Hansens' argument is that the second-half-day kindergarten tuition imposed by the School District violated J.L.'s constitutional right to a free public education under Article IX, Section 1 of the Idaho Constitution. That provision states that "it shall be the duty of the legislature of Idaho, to establish and maintain a general, uniform and thorough system of public, free common schools." Idaho Const., art. IX, section 1. According to the Hansens, that constitutional violation amounts to a taking of property without due process, in violation of the Takings Clause of the Fifth Amendment, which applies to the States through the Fourteenth Amendment and is enforceable under 42 U.S.C. § 1983. Through this action they seek tuition

reimbursement on the theory that J.L., as the intended beneficiary of the education, suffered the injury, even though he did not personally pay the tuition.

The district court concluded that only the Hansens, not J.L., had the necessary standing to pursue this action. Idaho's standing requirements closely mirror federal standards. *Gifford v. W. Ada Joint Sch. Dist. #2*, 169 Idaho 577, 582, 498 P.3d 1206, 1221 (2021); s*ee also Reclaim Idaho v. Denney*, 169 Idaho 406, 418, 497 P.3d 160, 172 (2021) ("This Court has historically looked to the United States Supreme Court for guidance on issues of standing."). Standing is a subcategory of justiciability and serves as a threshold inquiry before reaching the merits. *Zeyen v. Pocatello/Chubbuck Sch. Dist. No. 25*, 165 Idaho 690, 698, 451 P.3d 25, 33 (2019). For class actions, standing is satisfied "if at least one named plaintiff" meets the standing requirements. *Id.* (quoting *Tucker v. State*, 162 Idaho 11, 19, 394 P.3d 54, 62 (2017)).

Standing requires three elements: (1) "the plaintiff must have suffered an injury-in-fact" that is "(a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the challenged conduct; and (3) redressability through judicial action. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). The plaintiff bears the burden of establishing each standing element with the same "degree of evidence required at the successive stages of the litigation." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (alteration in original) (citation omitted).

This case turns on the injury-in-fact element. The School District argues that J.L. did not suffer a cognizable injury because he *received* the educational services (full-day kindergarten) and *did not pay* the tuition. The Hansens counter that their payment on J.L.'s behalf resulted in an economic injury to J.L., as he was the direct beneficiary of the constitutional provision requiring a free public education be provided, and they waived reimbursement rights in his favor.

To establish an injury-in-fact, the harm alleged must be concrete—meaning "actual or imminent, not conjectural or hypothetical"—and particularized to the plaintiff. *Reclaim Idaho*, 169 Idaho at 419, 497 P.3d at 173 (quoting *State v. Philip Morris, Inc.*, 158 Idaho 874, 881, 354 P.3d 187, 194 (2015)). A particularized injury impacts the plaintiff personally rather than just as a generalized grievance. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381

(2024). Concrete injuries may include physical harm, economic loss, damage to property, or infringement of constitutional rights. *Id.*

The distinction between economic and educational injuries in a standing analysis is illustrated in *Gifford*, where this Court considered whether parents could assert claims under Article IX, section 1 of the Idaho Constitution. 169 Idaho at 582, 498 P.3d at 1211. In *Gifford*, the parents sued the school district over kindergarten tuition, asserting that the fees violated Idaho's guarantee of free public education. *Id.* at 580–81, 498 P.3d at 1209–10. The district court dismissed the claims for lack of standing because the parents did not pay the allegedly illegal fees. *Id.* at 581, 498 P.3d at 1210. On appeal, this Court reversed, holding that although the district court properly concluded that the parents lacked standing to pursue a claim based solely on an economic injury, it failed to consider whether the parents had standing to assert a second, discrete injury—the loss of an educational opportunity for their son. *Id.* at 583, 587, 498 P.3d at 1212, 1216. In concluding that the parents had standing to pursue their educational claim but not their economic claim, we explained the difference between purely economic injuries and educational injuries. *Id.* at 582–83, 498 P.3d at 1211–12. The former requires a direct loss to the parents, while the latter provides standing if their child was denied educational opportunities:

> First, [p]arents alleged that an economic injury was suffered by those patrons who paid allegedly unconstitutional fees to enroll their children in second half-day kindergarten. Parents sought reimbursement of the fees collected as a remedy. Second, as guardians ad litem for their son, [p]arents alleged an educational injury because, as a direct result of [the district's] policy coupled with their inability to pay fees, their son was denied the full education they believe he was entitled to receive under Article IX, section 1 of the Idaho Constitution.

*Id.* at 582, 498 P.3d at 1211 (emphasis and footnote omitted). *Gifford* emphasizes that to have standing to assert a violation of the constitutional right to free public education, the plaintiff, whether a parent or a child, must demonstrate a particularized injury that personally affected them.

The Hansens filed a class action complaint alleging an economic injury to J.L.—specifically, the tuition they paid for the second half of J.L.'s kindergarten day. Their complaint seeks a retrospective remedy: damages and restitution for what they claim were unconstitutional fees. Unlike the parents in *Gifford*, who alleged an educational injury suffered directly by their child due to their inability to pay tuition, the Hansens assert exclusively an economic injury on behalf of their grandchild. Their complaint failed to identify any concrete or personal harm to J.L. himself. The complaint did not allege that J.L. was denied access to kindergarten or deprived of

5

educational opportunities because of financial hardship. Instead, the Hansens seek to recover tuition payments *they* made, recasting their own financial loss as a constitutional injury to J.L. This mischaracterized constitutional challenge is unsupported by any allegation or evidence of direct harm to the minor whose rights they purport to invoke.

The Hansens cite two personal injury cases, *Lasselle v. Special Products Co.*, 106 Idaho 170, 677 P.2d 483 (1983), and *Taft v. Jumbo Foods, Inc.*, 155 Idaho 511, 314 P.3d 193 (2013), to support their argument that a minor can recover economic damages even when the parents actually incurred the financial loss. However, the Hansens' reliance on *Lasselle* and *Taft* is misplaced because allowing a minor to recover past medical expenses incurred in connection with a tort injury differs from a Fifth Amendment takings claim, where the property owner must have been deprived of its property. It is well established that a plaintiff must have owned a legally cognizable property interest at the time of the alleged taking to bring a takings claim. *See Day v. Idaho Transp. Dep't*, 166 Idaho 293, 299–300, 458 P.3d 162, 168–69 (2020); *see also Danforth v. United States*, 308 U.S. 271, 284 (1939) (explaining that compensation is due at the time of taking; thus, the owner whose property was taken is entitled to receive payment at that time, not the property owner from an earlier or later date).

In this case, the kindergarten tuition payments were made solely by the Hansens, using *their* funds and not any property belonging to J.L. In the context of a Fifth Amendment claim, J.L. must have owned the property allegedly taken at the time of the government action. *See Day*, 166 Idaho at 299–300, 458 P.3d at 168–69; *Danforth*, 308 U.S. at 284. The record reflects that J.L. did not pay the tuition, nor did he have any ownership or possessory interest in the funds used to pay the tuition. Therefore, he did not experience a deprivation of property. Without a specific and identifiable injury to J.L. (i.e., a taking of J.L.'s property or funds), he lacks standing to pursue a Fifth Amendment claim.

In summary, the Hansens' effort to assert a Fifth Amendment claim on J.L.'s behalf does not meet the particularized requirement of the injury-in-fact element to establish standing. The Fifth Amendment claim at issue on appeal, as pleaded, rests solely on the economic losses the Hansens incurred. The district court correctly determined that the Hansens, not J.L., had standing.

**B.      The Hansens' Fifth Amendment claim is time-barred under Idaho Code section 5-219.**

We next address whether the Hansens' Fifth Amendment claim is time-barred. Civil actions must be initiated within the periods prescribed by statute, measured from the date a cause

of action accrues—unless a specific statutory exception applies. I.C. § 5-201. "A cause of action accrues and the statute of limitation[ ] begins to run when a cause of action exists." *Swafford v. Huntsman Springs, Inc.*, 163 Idaho 209, 212, 409 P.3d 789, 792 (2017) (quoting *Lido Van & Storage, Inc. v. Kuck*, 110 Idaho 939, 942, 719 P.2d 1199, 1202 (1986)). For federal civil rights claims brought under 42 U.S.C. § 1983, including Fifth Amendment takings claims, the applicable limitation period under Idaho law is two years. *See* I.C. § 5-219(4); *Yu v. Idaho State Univ.*, 165 Idaho 313, 317, 444 P.3d 885, 889 (2019).

Applying that framework here, the Hansens allege that their injury—the payment of kindergarten tuition—occurred during the 2017–2018 school year. They filed their complaint on February 22, 2023, approximately five years after the tuition payments were made. They argue that since they relinquished their claim to J.L., who is a minor, Idaho Code section 5-230 applies. If this section is applicable, the complaint was timely filed. Section 5-230 provides that if a person is under the age of majority, the time for the commencement of the action excludes the period during which the individual is still a minor. *See* I.C. § 5-230. However, this extension must not exceed six years due to the minority status. *Id*. In this way, the Hansens attempt to bootstrap standing by transferring their claim to a minor. The Hansens' reliance on the minority tolling statute is misplaced. As we held above, J.L. does not have standing to pursue the Fifth Amendment claim. Since J.L. did not suffer a concrete injury to his property rights, section 5-230 does not apply in this case.

Absent a valid statutory tolling provision to extend the two-year limitation period for their Fifth Amendment claim, the last tuition payment would have had to occur on or after February 23, 2021, for their claim to be timely. Since all payments were made by the end of the 2017–2018 school year, the two-year filing deadline passed before the complaint was filed.

Accordingly, the Hansens' Fifth Amendment claim is time-barred under the applicable statute of limitation, and the district court correctly dismissed the Hansens' complaint.

## C.     The Hansens are not entitled to attorney fees.

The Hansens reserved the right to petition for an award of attorney fees on appeal, if they prevail in the district court following reversal and remand. They are not entitled to attorney fees because they are not the prevailing party in this appeal.

### IV. CONCLUSION

We affirm the district court's judgment dismissing the Hansens' Fifth Amendment claim. As the prevailing party on appeal, the School District is awarded costs as a matter of right under Rule 40(a) of the Idaho Appellate Rules.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.